**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARIA ANTONIA PERALES, | No.    15-16097 |
| Plaintiff-Appellant, | D.C. No. 1:14-cv-01160-SAB |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner Social Security, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Stanley A. Boone, Magistrate Judge, Presiding

Submitted May 18, 2017[**]
San Francisco, California

Before:  BERZON and MURGUIA, Circuit Judges, and MCCALLA,[***] District
Judge.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without
oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Jon P. McCalla, United States District Judge for the
Western District of Tennessee, sitting by designation.

Maria Perales appeals the district court's decision affirming the Commissioner of Social Security's denial of Perales' application for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act. The Administrative Law Judge ("ALJ") concluded that Perales had the severe impairments of bilateral carpal tunnel syndrome, polyarthralgias, and mild cervical degenerative disc disease. The ALJ then determined that Perales retained the residual functional capacity ("RFC") to perform light work. Finally, the ALJ found that Perales had past relevant work as a produce sorter—and also, separately, as a packer—within the previous fifteen years, and that she could perform her past work as a sorter.

On appeal, Perales challenges only the ALJ's characterization of her past relevant work as a "sorter." She contends, instead, that her past relevant work consisted of sorting and packing, and she therefore performed a composite job.

We review the district court's order upholding the ALJ's denial of supplemental security income benefits de novo. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). The ALJ's decision may be reversed only if it is not supported by substantial evidence or is based on legal error. *Id.*

The only question here is whether Perales performed a composite job of "sorter/packer," as she contends, or whether she worked as a "sorter" and,

2

separately, as a "pakcer," as the ALJ found. If Perales actually worked as a "sorter/packer," then she performed a composite job involving both light work (sorter duties) and medium work (packer duties), and she *cannot* continue performing the "sorter/packer" job given that her RFC is limited to light work. "Every occupation consists of a myriad of tasks, each involving different degrees of physical exertion. To classify an applicant's 'past relevant work' according to the least demanding function of the claimant's past occupations is contrary to the letter and spirit of the Social Security Act." *Valencia v. Heckler*, 751 F.2d 1082, 1086 (9th Cir. 1985).

There is substantial evidence supporting the Commissioner's conclusion that Perales worked as a "sorter." For instance, a medical report dated February 13, 2007 described Perales' job duties as follows: "As a sorter, the patient is required to stand at a work station sorting carrots which are on a conveyor belt. Her physical duties consist of constant standing with repetitive use of her hands." Moreover, between October 2006 and August 2008, Perales' treating sources consistently described her job as "carrot sorter" or "sorter." The only evidence Perales points to in support of her argument are two medical reports describing her position as a "carrot sorter and packer" or "sorter/packer." These reports simply list Perales' position, but do not elaborate on her actual job duties.

Given the state of this record, the ALJ's conclusion that Perales worked as a "sorter" is supported by substantial evidence. *Hill v. Astrue*, 698 F.3d 1153, 1159 (9th Cir. 2012) (holding that substantial evidence consists of "more than a mere scintilla" and is of such reliability that "a reasonable mind might accept as adequate to support a conclusion") (citation omitted). The only contrary evidence Perales has cited to support her claim that she worked as a "sorter/packer" are two stray labels on medical reports without any detail about Perales' actual duties. Therefore, the ALJ did not err in concluding that Perales could perform past relevant work as a "sorter."

**AFFIRMED**.